# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00205-CR

**Charles Martin Stoering, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
## NO. CR2003-456, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Charles Martin Stoering, Jr., guilty of burglary of a habitation. *See* Tex. Pen. Code Ann. § 30.02 (West 2003). The jury assessed punishment, enhanced by a previous felony conviction, at sixty years' imprisonment and a $5000 fine. In a single point of error, Stoering urges that the sentence is excessive. We will affirm the judgment.

During final argument at the punishment stage, the prosecutor referred to a letter written by Stoering while in jail and introduced in evidence. In this letter, Stoering said that he anticipated receiving a sentence of twenty to thirty years in prison. The prosecutor argued, "He in his own letters said, you know, I deserve 20 to 30, and I agree with him, but I think he deserves the high end, the 30 end of it." Stoering now argues that by this argument, the State waived any punishment exceeding thirty years and urges this Court to reform the judgment accordingly.

The State's argument did not "waive" punishment exceeding thirty years because the proper punishment was not for the State to decide. This was a jury question, as Stoering elected. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b) (West Supp. 2004-05). The trial court's charge properly and without objection instructed the jury on the range of punishment for a first degree felony, with and without a previous conviction. *See* Tex. Pen. Code Ann. § 12.32 (West 2003), § 12.42(c)(1) (West Supp. 2004-05). Stoering cites no authority holding or even suggesting that a prosecutor, by arguing for a certain punishment, limits the jury's discretion to assess punishment within the full range prescribed by law. We refuse to make such a holding.

The point of error is overruled and the judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   July 12, 2005

Do Not Publish